◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GORDON EDWARD HENDRICKS, JR., Appellant. — REYNOLDS, J. Appeal from a judgment of the County Court, Rensselaer County, convicting appellant of burglary, third degree, and grand larceny, second degree, upon his plea of guilty. Appellant seeks to vacate his conviction upon the ground that he requested a bill of particulars with respect to one of the three short form indictments returned against him, which bill, he alleges was not supplied. He maintains that his plea of guilty was not a waiver of this defect since his fundamental right to know exactly what charges were laid against him was not waivable; and the plea was not intelligently made as the multiplicity of offenses to which he pleaded at the same time confused him as to the precise crimes he was admitting, particularly as the information charging the particular burglary involved had been dismissed after a preliminary hearing. While the record has no proper support for appellant's assertions that the bill of particulars was requested and not supplied, assuming arguendo that such factual claims were established, the issue of a failure to provide a bill of particulars cannot properly be raised after judgment. It is well settled that an attack upon the sufficiency of an indictment must be made at or before the time of judgment (*People* v. *Willett,* 213 N. Y. 368; *People ex rel. Wheeler* v. *McMann,* 24 A D 2d 786), unless the defect in question deprives the court of jurisdiction which is not the case here (see *People* v. *Langford,* 16 N Y 2d 32), and the indictment and the bill of particulars, particularly whereas here a short form indictment is involved, are so interrelated (see *People* v. *Ercole,* 308 N. Y. 425) that the same rule as to the timeliness of an attack upon **their**

sufficiency is applicable. Finally, it is evident on the instant record that appellant was represented by experienced counsel who, by their own records, only three weeks before the plea were fully aware that the bill of particulars was lacking. Under these circumstances the plea must clearly be construed as a withdrawal of the request for a bill of particulars and further was not the product of confusion (*People* v. *Williams*, 7 A D 2d 826). Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.