■ JOHN WRIGHT, Appellant, v. STANLEY E. DAVIES et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered in Essex County on February 4, 1970, which dismissed the complaint and granted defendants' motion for summary judgment. This action is one for false arrest brought against two Essex County Sheriffs and is based on plaintiff's detention after his arraignment on a defective indictment. Plaintiff was indicted for the commission of a felony in violation of subdivision 3 of section 1897 of the Penal Law. He entered a plea of guilty. This conviction was subsequently reversed by this court on the ground that the trial court failed to comply with former section 335-b of the Code of Criminal Procedure. (People ex rel. Wright v. McMann, 29 A D 2d 999, cert. den. 393 U. S. 885.) After repleading, the plaintiff was again confined to the Essex County jail pursuant to court order. The indictment, however, was ultimately dismissed for failure to file an accompanying information charging plaintiff with a previous conviction, as required

by subdivision 3 of section 275-b of the Code of Criminal Procedure (now CPL 200.60, subd. 3). It is plaintiff's contention that this failure constituted a fatal jurisdictional defect which defendants with reasonable diligence should have observed and, therefore, they should have refused to enforce the detention orders. We conclude otherwise. From an examination of the indictment and of the provisions of section 275-b of the Code of Criminal Procedure, it is clear that implicit in the charge as a felony was an alleged prior conviction. Under this statute it was improper to specifically mention that plaintiff had been previously convicted of a crime. The designation of the crime charged in the indictment as a felony gave notice to plaintiff of an alleged previous conviction. Plaintiff cannot complain that he was not informed of the nature of the charge against him and of the acts constituting it. The felony charged in the indictment was one over which the court had jurisdiction. Concededly, it also had jurisdiction over plaintiff. The Grand Jury's work was completed once it handed down the indictment. There remained only a procedural step for the District Attorney to file with the indictment a separate information concerning plaintiff's previous conviction. The indictment on its face was valid. Although it was defective and unable to withstand a subsequent motion to dismiss for failure to comply with subdivision 3 of section 275-b of the Code of Crimnal Procedure, the court was not thereby divested of its initial jurisdiction. The cases relied upon by plaintiff are distinguishable. In *People* v. *Scott* (3 N Y 2d 148) there was no valid accusatory instrument. In the instant case the indictment was a sufficent accusation, and the omission of the District Attorney to file the separate information was one of form, not jurisdictional. The court, in our opinion, properly granted summary judgment to defendants. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.