the statutory maximum. Accordingly, defendant must be resentenced. Hopkins, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO FRANCO, JR., Appellant.— On these appeals from three judgments of the County Court, Suffolk County, all rendered July 24, 1970, this court made a previous order permitting proceedings to be taken leading to a hearing as to defendant's competency at the times of his guilty plea and sentence and directing that the appeals would be held in abeyance in the interim (*People* v. *Franco*, 38 A D 2d 743). Such hearing has been held and an order thereon by the County Court, Suffolk County, was entered on May 8, 1973, in which it was adjudged that defendant was competent at the times of the guilty plea and sentence. The judgments and the order are now affirmed. No opinion. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS P. GENOVESE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered August 29, 1973, convicting him of attempted possession of a weapon *as a class E felony* (Penal Law, § 265.05, subd. 3; § 110.05, subd. 7), *upon his plea of guilty,* and sentencing him to an indeterminate prison term not to exceed three years. Judgment affirmed. Defendant contends that the failure of Criminal Term to follow CPL 200.60 (subd. 3) was error requiring that the guilty plea be set aside and the conviction vacated. We do not agree. The indictment was properly drawn, indicating that a higher grade of the crime was charged without making specific reference to the prior conviction. (CPL 200.60, subd. 1). The special information that must accompany the indictment, setting forth the prior conviction, was filed (CPL 200.60, subd. 2). It is clear that defendant and his attorneys were fully aware at the time of the plea of guilty that a felony and not a misdemeanor was the grade of the crime to which defendant was pleading. There was no trial requiring compliance with CPL 200.60 (subd. 3). Section 335-c of the former Code of Criminal Procedure, which required that a warning must be given to a defendant before accepting his plea of guilty to an offense for which increased punishment was authorized if the defendant had a prior conviction, was omitted from the Criminal Procedure Law. We believe, therefore, that under these circumstances, a defendant must be aware that he is pleading to a crime that carries a higher penalty because of his prior conviction(s). We find that defendant knowingly and intelligently entered such a plea and that there was no error in failing to arraign him upon a special information (CPL 200.60, subd. 3). Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.