■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER YOUNG, Appellant.— Judgment, Supreme Court, New York County, rendered September 24, 1973, on defendant's plea of guilty to possessing a weapon as a felony and sentencing him to an indeterminate sentence of 0 to 3 years unanimously modified, on the law, to reduce the judgment of conviction to one for a misdemeanor and the sentence to time served. The only evidence in this case, adduced at a suppression hearing, was that the revolver possessed by the defendant was in his home. Such possession is a misdemeanor (Penal Law, § 265.05). It further appears that the plea was made specifically to possession in defendant's apartment. Possession in the home becomes a felony only if the defendant has been previously convicted of any crime. No information alleging a prior conviction was filed with the indictment or apparently at any time before the plea was accepted. (See CPL 200.60, subd. 2.) Furthermore, at no time was it indicated that the sentence was based on a prior conviction, even though the defendant had several. The failure to include former section 335-c of the Code of Criminal Procedure in the present Crimi-

nal Procedure Law makes it unnecessary to give specific warning that the plea may subject the defendant to harsher penalties because of prior convictions. But the defendant must still be made aware that the acts he is admitting become a felony by virtue of a prior conviction. The warning is sufficient if the indictment is for a felony and an information is filed to the knowledge of defendant prior to acceptance of the plea (*People* v. *Genovese,* 45 A D 2d 744). This not having been done, the judgment is modified to that which could have been lawfully rendered. Concur — McGivern, P. J., Markewich, Lupiano, Steuer and Tilzer, JJ. [46 A D 2d 761.]