THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAESAR GIULIANO, Appellant.

First Department, May 18, 1976

*David A. Lewis* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Gerald M. Labush* of counsel *(Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

SILVERMAN, J. Defendant appeals from a judgment convicting him on his plea of guilty of the crime of attempted possession of a weapon as a felony (Penal Law, § 265.05, subd 9; § 110.00), a class E felony, in satisfaction of a 20-count indictment.

Among other things, the indictment charged the defendant with possession of a weapon as a felony. However, the District Attorney neglected to file the special information required by CPL 200.60 (subd 2) charging that the defendant was previously convicted of a specified predicate crime. Defendant now urges that the conviction should therefore be modified so as to reduce it to a misdemeanor.

The defendant in this case was indicted for a felony; he is concededly guilty of acts constituting a felony; with advice of

counsel and after plea negotiation, and with knowledge that he was pleading guilty to a felony, defendant pleaded guilty to a felony; the court and the District Attorney accepted the plea on the basis that the defendant was pleading guilty to a felony. The conviction should not on appeal be reduced to a misdemeanor.

The defendant was indicted on a 20-count indictment charging attempted murder, attempted assault in various degrees, possession of a weapon as a felony, reckless endangerment, menacing, conspiracy, criminal solicitation, coercion, grand larceny, bribing a witness, tampering with a witness and obstructing governmental administration. The fifth count charged the defendant with the crime of possessing a weapon, dangerous instrument and appliance as a felony. The count charged that he had possession of an imitation pistol, to wit, a blank cartridge pistol with the intent to use the same unlawfully against Guy Harrison. This count is a charge of violation of the then subdivision 9 of section 265.05 of the Penal Law which provides: "Any person who has in his possession any * * * imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another is guilty of a class A misdemeanor, and he is guilty of a class D felony if he has previously been convicted of any crime."

Under this section of course previous conviction of a crime is an essential element of the class D felony. CPL 200.60 (subd 1) provides in part as follows: "When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction. If a reference to previous conviction is contained in a statutory name or title of such an offense, such name or title may not be used in the indictment, but an improvised name or title must be used which, by means of the phrase 'as a felony' or in some other manner, labels and distinguishes the offense without reference to a previous conviction." Pursuant to that statute, the fifth count of the indictment in this case charged the defendant with that crime "as a felony." CPL 200.60 (subd 2) goes on to provide: "An indictment for such an offense must be accompanied by a special information, filed by the district attorney with the court, charging that the defendant was

previously convicted of a specified offense." In this case the District Attorney neglected to file the special information.

I do not think that should invalidate the plea bargain which the defendant, the District Attorney and the court knowingly made; certainly the defendant should not unilaterally be given a better bargain.

The obvious purpose of the requirement that the indictment shall not allege the previous conviction, although it is an element of the felony, is to protect defendant against the District Attorney's proving at the trial the very damaging fact of the defendant's previous conviction of a crime if the defendant does not dispute such conviction. Accordingly, CPL 200.60 (subd 2) provides that except where the defendant disputes the conviction in accordance with the procedures set forth in the statute "the people may not refer to such special information during the trial nor adduce any evidence concerning the previous conviction". Here there was no trial.

The constitutional requirement of indictment by a Grand Jury in felony cases (NY Const, art I, § 6) was here met. The Grand Jury indicted the defendant for a felony. "The designation of the crime charged in the indictment as a felony gave notice to [defendant] of an alleged previous conviction." *(Wright v Davies,* 41 AD2d 879, 880.) The special information is thus in the nature of a bill of particulars which tells the defendant which particular conviction the District Attorney intends to rely on to sustain the felony indictment. But a plea of guilty is a waiver of many defects which could have been raised before the plea; it is among other things a waiver of the failure to provide a bill of particulars. *(People v Hendricks,* 31 AD2d 982.)

The general rule is that a plea of guilty is a waiver of all nonjurisdictional defects. *(People v Vina,* 47 AD2d 895.) As stated in *Wright v Davies,* (41 AD2d 879, 880): "The Grand Jury's work was completed once it handed down the indictment. There remained only a procedural step for the District Attorney to file with the indictment a separate information concerning plaintiff's previous conviction. The indictment on its face was valid. Although it was defective and unable to withstand a subsequent motion to dismiss for failure to comply with subdivision 3 of section 275-b of the Code of Criminal Procedure, the court was not thereby divested of its initial jurisdiction. * * * In the instant case the indictment was a sufficient accusation, and the omission of the District Attorney

to file the separate information was one of form, not jurisdictional."

As the United States Supreme Court said in *Tollett v Henderson* (411 US 258, 268): "A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether pleas in abatement, such as unconstitutional grand jury selection procedures, might be factually supported."

There is another factor here which calls for sustaining the plea. The defendant did not plead guilty to the indictment or to any count of the indictment, he pleaded guilty to "something else." *(People v Griffin,* 7 NY2d 511, 515.) He pleaded guilty to a lesser crime, almost a hypothetical crime, attempted possession of a weapon as a felony. The fifth count of the indictment charged the defendant with the crime of "possessing a weapon, dangerous instrument and appliance as a felony," a class D felony. Neither it nor any other count of the indictment charged an attempt to commit that crime, a class E felony. In such circumstances the truth of the facts alleged in the indictment, and thus the validity of the count as alleged in the indictment, and whether it is sufficiently supported, are no longer material. The Court of Appeals pointed out the distinction in *People v Griffin* (7 NY2d 511) saying: "Here, however, appellant did not plead guilty to any count in this indictment. His plea was to a lesser crime which the court is authorized to accept on recommendation of the prosecuting officer. * * * Where that occurs, the defendant does not admit the facts charged against him in the indictment. He pleads guilty to something else. * * * Such a plea does not presuppose the truth of the facts pleaded in the indictment. Consequently it accomplishes nothing for the Judge to institute an inquiry concerning the facts alleged in the indictment, since the defendant has pleaded guilty to another crime." (p 515).

"Moreover, the practice of accepting pleas to lesser crimes is generally intended as a compromise in situations where conviction is uncertain of the crime charged. The judgment entered on the plea in such situtations may be based upon no objective state of facts. It is often a hypothetical crime, and the procedure—authorized by statute—is justified for the reason that it is in substitution for a charge of crime of a more

serious nature which has been charged but perhaps cannot be proved." (p 516).

The present case is almost precisely the situation discussed in *People v Griffin.* Here too defendant did not plead guilty to any count in this indictment. "He pleads guilty to something else." He pleaded to something that is very close to a hypothetical crime—attempt to possess a weapon. Thus we are no longer concerned with the validity or truth of the original counts of the indictment.

This was a plea "intended as a compromise in situations where conviction is uncertain of the crime charged," perhaps precisely because no special information had been filed. On the other hand, how could the defendant be sure (assuming that the failure to file a special information was deemed material) that a court could not in a proper case permit the District Attorney to file the special information late? And quite apart from this weapons count, there were all the other counts of the indictment hanging over him. The defendant disposed of a 20-count indictment charging many serious crimes, some of them apparently from the record not provable, e.g., attempted murder, but others perhaps provable.

The compromise was a result of long negotiation between the Assistant District Attorney in charge of the case and the defendant's attorney. At the plea, the Assistant District Attorney in charge of the case was not present and the Assistant District Attorney who was present admitted that he knew nothing about the case. The defendant's attorney suggested to the court "a plea of guilty to the fifth count of this indictment, or an attempt to commit the crime set forth in the fifth count of the indictment which will be a Class E felony. I might say to your Honor, as I pointed out in the letter of August 23rd that I discussed this matter with Mr. Kreidman [the Assistant District Attorney in charge of the case] some days before the 23rd and he indicated that the District Attorney's office would be willing to accept a plea to an E felony and I believe that this would be consistent with his approval or this would meet with his approval, your Honor. * * * Mr. Kreidman said a plea to any E felony in the indictment, and he understood that we wanted one that occurred before September of 1973 for obvious reasons." Thus no one was really concerned with which count the plea would be taken under. All that the parties wanted was an E felony, and the particular count was immaterial. What the defendant and his attorney were con-

cerned about was only that the E felony should be for something that happened before September, 1973 (some of the other counts ran beyond that date) so as not to subject the defendant to a mandatory minimum sentence as a second felony offender under section 70.06 of the Penal Law effective September 1, 1973.

The parties having in good faith agreed that defendant would plead to an E felony, it was the merest chance that defendant's attorney, in good faith, in the absence of the responsible Assistant District Attorney, happened to pick this particular E felony. In the non-criminal law world an effort to take advantage of an alleged infirmity in the particular mechanics so chosen would be frowned upon as trickery. I think we may take cognizance of this fact, while recognizing the duty of defendant's appellate counsel to urge on defendant's behalf every reasonable argument that is reasonably supported by the record or the state of the authorities.

As in *People v Hendricks* (31 AD2d 982, 983, *supra)* "it is evident on the instant record that appellant was represented by experienced counsel". Counsel stated that "the Defendant and I having discussed this matter thoroughly." Appellant himself was not unfamiliar with criminal proceedings; he had a long criminal record; this was his third felony conviction and he had a number of misdemeanor convictions, some of them reduced from felonies. He knew he had been convicted of felonies and that he was now pleading to a class E felony. Both of those facts were of course the basis of the negotiation for a pre-September 1973 crime plea to avoid the mandatory minimum that would follow in a post-September 1973 crime felony conviction of one who had previously been convicted of a felony. In the defendant's presence, the Judge inquired of his attorney as to whether defendant had a prior felony conviction and his attorney confirmed that he had. The Judge asked the defendant whether he understood that by pleading guilty to this charge he was pleading guilty to a class E felony and that defendant could be sentenced to an indeterminate sentence of up to four years in prison, and defendant confirmed that he understood this and that he was pleading guilty because he was "in fact guilty of this charge."

This "plea should be sustained on the ground that it was sought by defendant and freely taken as a part of a bargain which was struck for the defendant's benefit." *(People v*

*Foster,* 19 NY2d 150, 154.) A plea of guilty to a lesser crime, negotiated in good faith with the help of counsel, should signal the end of the criminal action, not the beginning of an appellate process to evade the agreement thus made.

Even if we should be mistaken in the view that the plea is a waiver of the defect, we still would not see why this court should reduce the conviction to a misdemeanor rather than giving the defendant the opportunity to withdraw his plea if he is dissatisfied with it. A conviction on plea of a misdemeanor would be a conviction on plea of a lesser included offense, which requires the consent of the District Attorney and the Trial Judge. (CPL 220.10, subd 5, par [b]; CPL 220.30, subd 3.) Neither of them consented to accept a misdemeanor plea. If the bargain failed for some reason that was not apparent to the parties, the appropriate remedy would be to permit the parties, or at least the defendant, to withdraw from the bargain and reinstate the situation as it was before the plea, if he wished (which of course he would not) rather than unilaterally impose a better bargain.

CAPOZZOLI and MURPHY, JJ. (concurring). For the reasons stated by our colleague, and for the additional reason set forth, we concur in the affirmance of the judgment.

What was the purpose of the Legislature in enacting section 200.60? Obviously, it was to prevent a defendant from suffering any prejudice which might possibly affect his right to a fair trial before a jury on the particular charge then being tried. The statute is intended to keep away from the trial jury the knowledge that the defendant had previously been convicted of another crime. But, in this case, the defendant did not stand trial before a jury. Even though he could have moved for a dismissal of the weapon count, as a felony, because of the failure of the District Attorney to file a special information, he chose to admit guilt of an attempt to commit the crime charged in that count. He was never exposed to the prejudice which section 200.60 seeks to prevent.

MARKEWICH, J.P., and LANE, J., concur with SILVERMAN, J.; MURPHY and CAPOZZOLI, JJ., concur in an opinion.

Judgment, Supreme Court, New York County, rendered on October 22, 1974, unanimously affirmed.