OPINION OF THE COURT
John V. Aylward, J.
The defendant has made a motion to dismiss the indictment on several grounds.
SPECIAL INFORMATION
The District Attorney failed to file a special information with the filing of the indictment of this defendant on the charge of driving while intoxicated as a felony. Subsequent to the making of the motion the District Attorney has filed the special information and served it upon defense counsel.
While the statute, CPL 200.60 (subd 2), reads the special information must accompany the indictment, it appears that time is not of the essence in this matter, that is to say, subsequent to the filing of such a special information the court cannot take any further action until the trial is actually commenced, at which time the court must arraign the defendant on the prior underlying conviction which raises the current charge to a felony grade. Its primary purpose is to give the defendant notice so that he may prepare for his defense. It is a procedural matter and not a jurisdictional matter. (See Wright v Davies, 41 AD2d 879.) The motion to dismiss the indictment for failure to serve a special information with the indictment is denied.
*1017 ENTRAPMENT
Defendant claims he was entrapped by police officers and therefore that the indictment should be dismissed. Entrapment is an affirmative defense to be alleged and proven by defendant at trial, and may not be determined pretrial. (See People v Philipson, 59 Misc 2d 420.) The motion is denied in this respect.
NOTICE OF ADMISSION
The District Attorney has served a "blank” notice of admission upon the defendant at his arraignment pursuant to CPL 710.30 (subd 1). The defendant moves to estop the District Attorney from using any evidence against the defendant by way of any alleged admission or confession.
Fifteen days have now elapsed from the date of arraignment which occurred on January 13, 1978. The burden is upon the District Attorney to show good cause why he should be permitted to serve a late notice. There should not be any burden upon the defendant initially to demand a bill of particulars in this regard.
Former CPL 710.30 (subd 2) allowed the People to serve such a notice any time prior to trial. The amendment to this statute in 1976 specifically states that "such notice must be served within fifteen days after arraignment and before trial”. Case law such as People v Utley (77 Misc 2d 86), which did allow the District Attorney to supplement a "blank” notice, was decided prior to the "15-day” amendment in 1976. Nevertheless, Utley still requires the People to specify the admissions precisely and the nature of the evidence to be offered.
The District Attorney will be estopped from offering any proof of admissions or confessions on his direct case unless he can show good cause why he should be permitted to do so. The motion in this respect is granted with leave to the District Attorney to show good cause.
INSPECTION OF GRAND JURY MINUTES
Defense counsel has failed to allege any facts to warrant or authorize the court to inspect the Grand Jury minutes. The motion in this respect is denied.