(November 16, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH D. HADDEN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. EVANS, JR., Appellant.—Appeals from judgments of the County Court of Ulster County, rendered May 11, 1977, upon verdicts convicting defendant Hadden of the crimes of rape in the first degree and sodomy in the first degree, and defendant Evans of the crime of rape in the first degree. We affirm the judgments convicting these defendants of rape in the first degree, but reverse as to that portion thereof that convicts the defendant Hadden of sodomy in the first degree. In our view, the indictment, which merely recites the language of the statute, lacks the requisite specificity and is jurisdictionally defective (People v Clough, 43 AD2d 451, 454; see CPL 200.50, subd 7). Moreover, lack of timely objection does not constitute a waiver, and the question may be raised for the first time on appeal (People v Hendricks, 31 AD2d 982). The evidence adduced at trial established the defendant's guilt beyond a reasonable doubt. Their argument that the complainant was a consensual participant in their admitted acts of sexual intercourse was rejected by the jury as they had a perfect right to do. Moreover, her presence alone in an isolated area with two men who threatened her with physical harm, and who she reasonably believed could and would injure her, provided the necessary circumstances to support the jury's finding that she was subjected to acts of sexual intercourse by "forcible compulsion" (see People v Coleman, 42 NY2d 500; People v Connor, 126 NY 278, 281-282). Other issues raised by defendants on this appeal find no support in the record and are equally without merit. As to defendant Hadden, judgment modified, on the law, by reversing so much thereof as convicts the defendant of sodomy in the first degree and dismissing the second count of this indictment, with leave to the People to resubmit the charge to another Grand Jury, and, as so modified, affirmed. As to defendant Evans, judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.