■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MCCULLOUGH, Appellant. [649 NYS2d 575] —Judgment unanimously affirmed. Memorandum: There is no merit to the

contention of defendant that the prosecutor's response to his request for a bill of particulars was so misleading that it deprived him of a fair trial. Although the prosecutor failed to provide defendant with a bill of particulars, defendant waived his right to raise that omission on appeal. His counsel informed County Court that he had been supplied with information that answered his "questions concerning * * * the Bill of Particulars" and, thereafter, failed to move for an order requiring the prosecutor to comply with his request (*see,* CPL 200.95 [5], [6]). Further, the failure of the prosecutor to provide defendant with a bill of particulars may not be raised after judgment where, as here, the indictment is not jurisdictionally defective (*see, People v Hendricks,* 31 AD2d 982).

The contention of defendant in his *pro se* supplemental brief that his conviction of robbery in the second degree (Penal Law § 160.10) is not supported by legally sufficient evidence and is against the weight of the evidence is without merit (*see, People v Bleakley,* 69 NY2d 490, 495). We have considered the remaining contentions raised by defendant in the *pro se* brief and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Brunetti, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.