OPINION OF THE COURT
Dora L. Irizarry, J.
In a three-count indictment, defendant is charged with the *807 crime of criminal possession of a weapon in the second degree, in violation of Penal Law § 265.03, as well as with two counts of criminal possession of a weapon in the third degree, in violation of Penal Law § 265.02 (1) and predicated upon defendant’s alleged commission of the crime of criminal possession of a weapon in the fourth degree, elevated to the higher grade on the ground of an alleged prior criminal conviction.
Defendant moves for dismissal of counts two and three of the indictment, each charging the elevated crime of criminal possession of a weapon in the third degree, arguing that the People failed to comply with the mandate contained in CPL 200.60 (2) that: “An indictment for such an offense must be accompanied by a special information, filed by the district attorney with the court, charging that the defendant was previously convicted of a specified offense.”
For the reasons set forth below, defendant’s motion is granted. Counts two and three of the indictment are dismissed and the People are granted leave to re-present to the Grand Jury.
The court record discloses that defendant’s previous motion for dismissal of the indictment based upon alleged legal insufficiency of the Grand Jury presentation was denied by the previous motion court.
It is undisputed that, while the court file contains the three-count indictment filed with the court on January 24, 2000, the file does not contain a special information supporting the second and third counts as required by CPL 200.60 (2). Under standard Grand Jury clerical practice following the voting of such a special information, that information would be positioned between the printed indictment form and the indictment back, all of which would be fastened by stapling.
The prosecution argues, in effect, that this court should recognize a presumption of regularity in the District Attorney’s method of preparing and filing an accusatory instrument in accordance with the Grand Jury presentation, including attachment of the special information to the indictment only by paper clip when filed with the court. In this connection, the trial Assistant offers a specific recollection that, at some point in time, an appropriate special information was attached to the indictment papers by means of a paper clip and the Assistant is in possession of such a document at this time. However, there is no evidence contained in the court file, nor is there any indication in the records of the New York County Supreme Court Docket Clerk, that the required special information, in fact, ac *808 companied the indictment actually filed with the court. Further, defense counsel represents that he does not possess, nor has he ever seen, a special information in connection with this case. Thus, this court, finding no bad faith in connection with the representations of the parties regarding the special information issue, must conclude that, perhaps by mere happenstance, the indictment filed with the court simply was not accompanied by a special information, as required by CPL 200.60 (2).
In a discussion of the legislative history of CPL 200.60, the opinion of the Court of Appeals authored by then Associate Judge Kaye, in People v Cooper (78 NY2d 476 [1991]), notes that the statute’s present form retains the procedures adopted in 1961 (L 1961, ch 687), under section 275-b of the Code of Criminal Procedure. In pertinent part, the Cooper opinion instructs that, pursuant to the provisions of CPL 200.60 (2), a previous conviction that raises an offense of a lower grade to one of a higher grade, “must be charged by special information filed at the same time as the indictment” (at 481).
The First Department, in People v Giuliano (52 AD2d 240 [1976]), cites with approval the opinion of the Third Department in Wright v Davies (41 AD2d 879 [1973]), holding that, where an indictment charging a crime enhanced under the provisions of section 275-b of the Code of Criminal Procedure (the predecessor of CPL 200.60) is not accompanied by the required special information, a procedural, rather than a jurisdictional, defect is presented (at 243-244). It is of note that the judgment in Giuliano followed the defendant’s entry of a guilty plea and, thus, that case is procedurally distinguishable from the instant case. In any event, on appeal from the judgment in Giuliano, the defendant claimed a violation of the provisions of CPL 200.60 (2) based upon the prosecution’s failure to file the required special information. The First Department affirmed the judgment holding that, since the violation of the provisions of CPL 200.60 (2) constituted a procedural, rather than a jurisdictional, defect in the indictment, the defendant’s entry of a guilty plea acted as a waiver of any claimed procedural defect (supra).
The narrow issue before this court is whether the procedural defect presented by the People’s apparent failure to file the required special information with the court at the same time as the filing of the indictment herein may be cured by filing a special information at this time, some eight months after the filing of the indictment. In support of their position that this *809 would satisfy the provisions of CPL 200.60 (2), the prosecution cites the holding in People v Briggs (92 Misc 2d 1015 [Jefferson County Ct 1978]). As pertinent herein, the Briggs court denied the defendant’s motion for dismissal of an indictment charging a crime elevated in level by the allegation of a prior criminal conviction, but not accompanied by a special information, on the ground that, since CPL 200.60 (2) does not specify a time limit for the filing of a special information, the People’s filing and service of such an instrument subsequent to the defendant’s motion and upon the commencement of trial could be considered timely. However, the Briggs case was decided 13 years prior to the opinion of the Court of Appeals in People v Cooper (supra) and clearly is overruled by the specific direction in Cooper that a special information required pursuant to the provisions of CPL 200.60 (2) be filed “at the same time as the indictment” (at 481).
The First Department, in People v Giuliano (supra), characterized a special information as being “in the nature of a bill of particulars” in that it serves to clarify the basis for the relevant enhanced charge or charges and noted that a claim of failure to provide a bill of particulars would be waived by the entry of a guilty plea (at 243). However, the Court further stated that the filing of an indictment charging a lower grade crime elevated to a higher grade by reason of a previous conviction, when unaccompanied by a required special information, is “ ‘defective and unable to withstand a subsequent motion to dismiss for failure to comply with subdivision 3 of section 275-b of the Code of Criminal Procedure’ ” (the predecessor of CPL 200.60 [2]) (at 243, quoting Wright v Davies, supra, at 880).
Defendant in this case has not indicated a desire to enter a guilty plea, but rather has moved for dismissal of the second and third counts of the indictment on the ground that the People failed to comply with the provisions of CPL 200.60 (2). In this connection, defendant cites the Fourth Department’s holding, in People v Drumgoole (234 AD2d 888 [1996], lv denied 89 NY2d 1011 [1997]), that an initial failure of a prosecutor to follow the procedures set forth in CPL 200.60 was “cured or rendered harmless” where, prior to jury selection, the defendant was shown a certificate of conviction, admitted his guilt of prior criminal convictions for the purpose of trial strategy anticipated by the filing requirements of CPL 200.60 (2) and suffered no prejudice at trial because the People did not introduce evidence of the prior convictions as part of their direct case (at 890). Here, defendant has not so chosen to *810 proceed to trial, but rather advises the court that he has never received a copy of a special information relating to the second and third counts of the indictment and has not admitted any prior conviction.
Based upon all of the foregoing, defendant’s motion for dismissal of the second and third counts of the indictment on the ground that the People failed to comply with the filing requirements set forth in CPL 200.60 (2) is granted.
It is noted that the first count of the indictment, charging criminal possession of a weapon in the second degree, is not subject to the requirements of CPL 200.60. In light of this court’s finding of no bad faith on the part of the prosecution in connection with the issues raised herein, the dismissal of the second and third counts of the indictment is granted with leave to re-present (CPL 210.20 [4]).