THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRADIA, Appellant. [812 NYS2d 922]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 8, 2004. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). Defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea was not voluntarily, knowingly and intelligently entered (*see People v Rodriguez*, 17 AD3d 1127, 1129 [2005], *lv denied* 5 NY3d 768 [2005]). In any event, that contention lacks merit. Defendant admitted that he intentionally caused the victim's death, and there is no requirement that he recite the facts underlying the crime (*see People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]). Also contrary to the contention of defendant, nothing in the record of the plea proceeding suggests that he was not competent to enter the plea (*see People v Burney*, 306 AD2d 173 [2003], *lv denied* 100 NY2d 641 [2003]). Further, "[t]he contention of defendant that the plea was coerced and thus was not knowingly, voluntarily or intelligently entered 'is

belied by [his] statement during the plea proceeding that [he] was not threatened, coerced or otherwise influenced against [his] will into pleading guilty' " (*People v Nichols*, 21 AD3d 1273, 1274 [2005], *lv denied* 6 NY3d 757 [2005], quoting *People v Beaty*, 303 AD2d 965, 965 [2003], *lv denied* 100 NY2d 559 [2003]).

Defendant further contends that he was denied effective assistance of counsel because defense counsel failed, inter alia, to pursue the affirmative defense of duress. To the extent that defendant's contention survives the guilty plea (*see People v Relyea*, 1 AD3d 1016, 1016-1017, *lv denied* 1 NY3d 633 [2004]; *Brown*, 305 AD2d at 1069), we conclude that it lacks merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation [where, as here,] he . . . receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.