■ The People of the State of New York, Respondent, v Julian Jenkins, Appellant. [829 NYS2d 327]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 2, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Defendant contends that his guilty plea was not knowingly, voluntarily and intelligently entered because he did not specifically recite the facts underlying the crime to which he pleaded guilty. Defendant, however, failed to move to withdraw the plea or to vacate the judgment of conviction on that ground and thus his contention is not preserved for our review (*see People v Dowdell*, 35 AD3d 1278 [2006]; *People v Gradia*, 28 AD3d 1206 [2006], *lv denied* 7 NY3d 756 [2006]; *see also People v Gray*, 21 AD3d 1398, 1399 [2005]). In any event, defendant's contention lacks merit. "There is no requirement that defendant personally recite the facts underlying the crime, and his responses to the questions of [Supreme C]ourt during the plea colloquy did not negate any element of the offense or otherwise cast any doubt on defendant's guilt" (*People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *see People v Williams*, 35 AD3d 1198 [2006]; *People v James*, 299 AD2d 932, 933 [2002], *lv denied* 99 NY2d 583 [2003]). Furthermore, the court's inquiry was sufficient to ensure that defendant's plea was knowingly, intelligently and voluntarily entered (*see People v McCawley*, 23 AD3d 1157, *lv denied* 6 NY3d 778 [2006]). Present— Scudder, P.J., Gorski, Centra, Green and Pine, JJ.