THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY R. DOMBROWSKI, Appellant. [864 NYS2d 612]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered September 27, 2007. The judgment convicted defendant, upon a nonjury verdict of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines,* 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention is without merit. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes,* 60 NY2d 620, 621 [1983]), we conclude that "there is [a] valid line of reasoning and permissible inferences" from which County Court could have found that defendant entered the apartment of his former girlfriend through a window in the living room, entered the bathroom where she was showering and screamed obscenities and threats at her, in violation of an order of protection prohibiting offensive conduct (*People v Bleakley,* 69 NY2d 490, 495 [1987]). The "evidence enabled the [court] to infer that defendant intended to commit a crime inside the apartment, by violating the order[ ] of protection in a manner that went beyond trespass" (*People v Lewis,* 5 NY3d 546, 552 [2005]; *cf. People v VanDeWalle,* 46 AD3d 1351, 1352 [2007], *lv denied* 10 NY3d 845 [2008]). We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley,* 69 NY2d at 495). Finally, defendant failed to demand a bill of particulars despite the fact that the court denied his motion to dismiss the indictment but stated that he may seek a bill of particulars, and we thus conclude that he waived his contention that the indictment failed to provide adequate notice of the charges against him (*see generally People v McCullough,* 233 AD2d 936, 937 [1996], *lv denied* 89 NY2d 926 [1996]). In any event, that contention is without merit inasmuch as the indictment set forth the date, time and place of the events and the elements of the offenses charged (*see* CPL 200.50 [6], [7] [a]; *see generally People v Iannone,* 45 NY2d 589, 594 [1978]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Lunn, JJ.