■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZAIDA SANCHEZ, Appellant. [865 NYS2d 592]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered March 17, 2007, convicting defendant, upon her plea of guilty, of bribery in the third degree, driving while intoxicated (two counts), and obstructing governmental administration in the second degree, and sentencing her to an aggregate term of six months, concurrent with five years' probation, and imposing a fine of $2,500, unanimously affirmed.

Defendant has not established any basis for "deeming" her driving while intoxicated (DWI) convictions to be misdemeanors. To the extent that she is claiming she did not knowingly and intelligently plead guilty to DWI as a felony, that claim is unpreserved (*see People v Lopez,* 71 NY2d 662, 665 [1988]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Defendant's plea of guilty to the "entire indictment" clearly covered the felony DWI charges, and there was nothing in the plea allocution that cast significant doubt on her guilt (*see People v Toxey,* 86 NY2d 725 [1995]). As for her claim that the People failed to file a special information pursuant to CPL 200.60 charging that she had previously been convicted of driving while intoxicated, that procedural defect was waived by defendant's guilty plea (*People v Gill,* 109 AD2d 419, 420 [1985]; *People v Giuliano,* 52 AD2d

240, 243-244 [1976]; *see also Wright v Davies*, 41 AD2d 879, 880 [1973]). Furthermore, since the felony complaint specified the prior conviction that was the basis for the elevated felony charge, and the indictment specified that two counts were felony offenses, defendant was apprised that she was being charged with felonies.

We perceive no basis for reducing the fine. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.