THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY A. SWANK, Appellant. [891 NYS2d 771]—

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [former (i)]). Defendant contends that her plea was not voluntarily, knowingly, and intelligently entered because Supreme Court failed to address her prior conviction of driving while intoxicated during the plea colloquy, and thus her conviction should be reduced to a misdemeanor. As defendant correctly concedes, however, she failed to preserve that contention for our review (*see generally People v Jenkins*, 37 AD3d 1087 [2007], *lv denied* 8 NY3d 946 [2007]; *People v Gradia*, 28 AD3d 1206 [2006], *lv denied* 7 NY3d 756 [2006]). In any event, defendant's contention lacks merit. The indictment charged defendant with two counts of felony driving while intoxicated, and the special information that accompanied the indictment indicated, in compliance with CPL 200.60 (1) and (2), that defendant had previously been convicted of driving while intoxicated. We thus conclude on the record before us that defendant was sufficiently apprised of the fact that she was being charged with felonies (*see People v Sanchez*, 55 AD3d 460 [2008], *lv denied* 11 NY3d 930 [2009]; *cf. People v Young*, 46 AD2d 768 [1974]), and that she was aware that she was pleading guilty to a felony rather than a misdemeanor (*see People v Genovese*, 45 AD2d 744 [1974]). Indeed, the court indicated that defendant's plea was in full satisfaction of the indictment, thereby establishing that the plea "covered the felony DWI charges" (*Sanchez*, 55 AD3d at 460). Contrary to defendant's contention, neither the court nor defendant was required to acknowledge her prior conviction during the plea colloquy. Although CPL 200.60 (3) provides that, "[a]fter commencement of the trial and before the close of the [P]eople's case, the court, in the absence of the jury, must arraign the defendant upon such special information, and must advise [the defendant] that he [or she] may admit the previous conviction alleged, deny it or remain mute," that section "is by its terms inapplicable in the context of a guilty plea" (*People v Dezimm*, 193 AD2d 976 [1993]). Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.