# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**427**

**KA 10-00213**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JEFFREY R. DOMBROWSKI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Michael F. Pietruszka, J.), entered December 3, 2009. The appeal was held by this Court by order entered September 30, 2011, decision was reserved and the matter was remitted to Erie County Court for further proceedings (87 AD3d 1267). The proceedings were held and completed.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a nonjury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), and that judgment of conviction was affirmed on appeal (*People v Dombrowski*, 55 AD3d 1358, *lv denied* 11 NY3d 924). Defendant thereafter moved pursuant to CPL 440.10 and 440.20 to vacate the judgment and to set aside the sentence. After that motion was summarily denied, we granted his CPL 460.15 application for a certificate granting leave to appeal. We note at the outset that, on appeal, defendant failed to raise any contention concerning that part of his motion seeking to set aside the sentence, and we thus deemed any issues with respect thereto abandoned (*Dombrowski*, 87 AD3d 1267, 1267). We concluded, however, that defendant was entitled to a hearing on the issue whether defense counsel had a tactical reason for failing to call exculpatory witnesses, two of whom were present in the courthouse during defendant's trial, and we remitted the matter to County Court for a hearing on that issue (*id.* at 1268).

At the hearing upon remittal, trial counsel discussed his reason for not calling those witnesses and, while in hindsight that decision may not have been the best strategy, it is well settled that disagreement over trial strategy is not a basis for a determination of

ineffective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712-713; *People v Baldi*, 54 NY2d 137, 146). We therefore conclude that, upon remittal, defendant failed to meet his burden of demonstrating the absence of a legitimate or strategic basis for trial counsel's decision not to call those witnesses and has thus failed to establish that he was denied effective assistance of counsel (*see e.g. People v Collins*, 85 AD3d 1678, 1679; *People v Gonzalez*, 62 AD3d 1263, 1265, *lv denied* 12 NY3d 925; *People v Roman*, 60 AD3d 1416, 1417-1418, *lv denied* 12 NY3d 928).

As defendant correctly contends, however, the certificate of conviction mistakenly recites that he was sentenced as a second violent felony offender. The sentencing minutes establish that defendant was sentenced as a "second felony offender," and the certificate of conviction must therefore be amended to correct the clerical error (*see generally People v Saxton*, 32 AD3d 1286, 1286-1287).

Entered: April 20, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court