# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**526**

**KA 09-02147**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

SANDRA M. ARENA, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 22, 2009. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the second degree and assault in the third degree (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her following a nonjury trial of manslaughter in the second degree (Penal Law § 125.15 [1]) and four counts of assault in the third degree (§ 120.00 [2]), defendant contends that her constitutional right to confrontation was violated when a prosecution witness testified in disguise. Contrary to defendant's contention, the witness was not "in disguise." In fact, the witness was sworn as a male and acknowledged that his legal name was male in nature, but that he wished to testify as a female, and the prosecutor repeatedly referred to the witness as "Karen." In any event, County Court was not prevented from seeing the face or eyes of the witness or from observing the demeanor of the witness (*see People v Wrotten*, 14 NY3d 33, 38-40). We reject defendant's further contention that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we conclude that the People established by legally sufficient evidence that defendant recklessly caused the death of another person (§ 125.15 [1]), and that she recklessly caused physical injury to several other people (§ 120.00 [2]). Defendant contends that she lacked the intent to harm or kill; however, intent is irrelevant to the issue whether her behavior was reckless, and we conclude that there is a valid line of reasoning and permissible inferences supporting the court's finding of recklessness for both crimes (*see People v Heinsohn*, 61 NY2d 855, 856; *see generally*

*Bleakley*, 69 NY2d at 495). Likewise, viewing the evidence in light of the elements of the crimes in this nonjury trial, we conclude that the verdict is not against the weight of the evidence (*see generally People v Danielson*, 9 NY3d 342, 348-349). Finally, we conclude that the sentence is not unduly harsh or severe, but we note that the certificate of conviction erroneously recites that defendant is a violent felony offender. The certificate of conviction therefore must be amended to correct that error (*see People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959).

Entered:  June 7, 2013                    Frances E. Cafarell
                                          Clerk of the Court