People v Mayes (2024 NY Slip Op 01896)

People v Mayes

2024 NY Slip Op 01896

Decided on April 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 09, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, O'Neill Levy, JJ. 

Ind. No. 2175/18 Appeal No. 1999 Case No. 2019-1337 

[*1]The People of the State of New York, Respondent,
v
Tylin Mayes, Appellant.

Twyla Carter, The Legal Aid Society, New York (Alyssa Gamliel of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Peter Rienzi of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered September 27, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of one year, unanimously affirmed.
Because defendant did not move to withdraw his guilty plea, and because this case does not come within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665 [1988]), his challenge to the validity of the plea is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The record establishes that defendant's plea was knowing, intelligent, and voluntary. Although the plea court did not address defendant's predicate offense during the plea colloquy, the special information accompanying the indictment sufficiently apprised defendant that he was pleading guilty to an elevated felony charge under Penal Law § 265.02(1) based on his prior conviction (see People v Swank, 68 AD3d 1816, 1817 [4th Dept 2009], lv denied 14 NY3d 806 [2010]; see also People v Sanchez, 55 AD3d 460, 461 [1st Dept 2008], lv denied 11 NY3d 930 [2009]). Defendant was not required to be arraigned on the special information in this matter involving a guilty plea (see CPL 200.60[3]; Swank, 68 AD3d at 1817).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 9, 2024