Rodriguez v CB Devs. (2026 NY Slip Op 00326)

Rodriguez v CB Devs.

2026 NY Slip Op 00326

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 155327/21|Appeal No. 5638|Case No. 2024-04857|

[*1]Raymond Albert Rodriguez, Plaintiff-Respondent,
vCB Developers Doing Business as CB Developers, LLC, et al., Defendants-Appellants, Foot Locker Retail, Inc., et al., Defendants-Respondents. [And Another Action]

Smith Mazure, P.C, New York (Howard K. Fishman of counsel), for CB Developers, C & B Developers LLC, CBJ Management LLC and 1314 Development, LLC, appellants.
Gerber Ciano Kelly Brady LLP, Buffalo (David P. Johnson of counsel), for Alba Services, Inc., appellant.
Wilson Grochow, New York (Lawrence A. Wilson of counsel), for Raymond Albert Rodriguez, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for Footlocker Retail, Inc., respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about June 20, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross-motion for partial summary judgment on his claim pursuant to Labor Law § 240 (1) against defendants 1314 Development LLC and CB Developers d/b/a CB Developers, LLC, unanimously affirmed, without costs. Appeals by defendants C & B Developers LLC, CBJ Management LLC, and Alba Services, Inc., unanimously dismissed, without costs, as being taken from a paper by which they are not aggrieved.
As a threshold matter, dismissal of the appeal is warranted as to the parties that were not aggrieved by the order on appeal (see CPLR 5511). The order expressly denied summary judgment to plaintiff as against defendants CBJ Management LLC and C & B Developers LLC, and plaintiff did not even seek summary judgment against defendant Alba Services, Inc. "That the order appealed from 'may contain language or reasoning'" that these parties "deem[] adverse to [their] interest[s] does not accord [them] standing to take an appeal" (Charles Condominiums, LLC v Victor RPM First, LLC, 239 AD3d 404, 405 [1st Dept 2025] [internal quotation marks omitted]).
Supreme Court properly granted summary judgment to plaintiff against 1314 Development, the building owner, and CB Developers, its agent. Under Labor Law § 240(1), "the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Plaintiff demonstrated this prima facie, and defendants failed to proffer evidence of a triable issue of fact. 1314 Development had already stipulated to the fact that plaintiff was a worker engaged in asbestos removal on the premises. Plaintiff's "uncontroverted affidavit demonstrated" that while he was attempting to descend from the roof area where he was working, he had to traverse narrow metal beams which were normally covered by plywood that had been removed, and slipped and fell through the sheet rock into the bathroom below, and that "no other protective devices were provided to protect him from falling" (Velasquez v 94 E. 208 St. Partners LLC, 220 AD3d 472, 472-473 [1st Dept 2023]). Indeed, plaintiff established that the accident was entirely foreseeable (see Giancola v Yale Club of N.Y. City, 161 AD3d 695, 696 [1st Dept 2018]; see also Ciaurella v Trustees of Columbia Univ. in the City of N.Y., 228 AD3d 555, 557 [1st Dept 2024]).
The affidavit proffered by the owner of the asbestos contractor hired to perform the work in which plaintiff was engaged when he fell failed to create an issue of fact. The affidavit did not state that the affiant was present on the date of the accident, and mischaracterized plaintiff's factual averments. The affiant's statement that there was "no reason" for plaintiff to be on top of the bathroom roof is belied by the report annexed to the affidavit showing that the entire vaulted ceiling on the first floor, including the area above the bathrooms, was an asbestos-detected area and the work proposal that the affiant himself provided to the owner and its agent included removal of the entire ceiling in the scope of work. Accordingly, "no one with personal knowledge of the circumstances surrounding plaintiff's work at the time of the accident established" or identified a factual issue about whether there was plywood where plaintiff needed it or that plaintiff purposely stepped on the sheet rock (see Pirozzo v Laight St. Fee Owner LLC, 209 AD3d 596, 597 [1st Dept 2022]).
Plaintiff's cross-motion was not premature, as the owner and its agent each "had a reasonable opportunity to pursue discovery" from the time they were first brought into the respective actions, now consolidated, in 2018 and 2021, respectively, but failed to show diligence in seeking plaintiff's deposition (Singh v New York City Hous. Auth., 177
AD3d 475, 476 [1st Dept 2019]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026