People v Lowman (2026 NY Slip Op 00326)

People v Lowman

2026 NY Slip Op 00326

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Ind. No. 1246/21|Appeal No. 5676|Case No. 2022-00851|

[*1]The People of the State of New York, Respondent,
vBenjamin Lowman, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sylvia Lara Altreuter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered February 22, 2022, convicting defendant, upon his plea of guilty, of operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192[2-a]), and sentencing him to a jail term of five days and a three-year conditional discharge, unanimously affirmed.
Defendant's contention that his plea was invalid because the court did not allocute him on his prior conviction, which elevated the charge to which he pleaded guilty to a felony (see Vehicle and Traffic Law §§ 1192[2-a][a], 1193[1][c]), during his plea, and did not arraign him on the special information is unpreserved, and we decline to review it in the interest of justice (see People v Gibson, 226 AD3d 488 [1st Dept 2024]).
As an alternative holding, we reject it on the merits. The record establishes that defendant's plea was knowing, intelligent, and voluntary. Although the court did not address defendant's predicate offense during the plea colloquy, the special information accompanying the indictment sufficiently apprised defendant that he was pleading guilty to an elevated felony charge under Vehicle and Traffic Law § 1193(1)(c)(i)(A) based on his prior conviction (see People v Mayes, 226 AD3d 460 [1st Dept 2024], lv denied, 42 NY3d 928 [2024]). Furthermore, defendant was informed that he was pleading guilty to aggravated driving while intoxicated as a felony at multiple junctures by the court, and nothing in the plea allocution casts significant doubt on his guilt (see People v Sanchez, 55 AD3d 460, 460 [1st Dept 2008], lv denied 11 NY3d 930 [2009]). The court was not required to arraign defendant on the special information, as CPL 200.60(3) "is by its terms inapplicable in the context of a guilty plea" (Gibson, 226 AD3d at 489 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026