■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VISCOMI, Appellant. [730 NYS2d 748] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon a guilty plea convicting him of two counts of murder in the second degree (Penal Law § 125.25 [2], [3]) and other crimes arising from the robbery of a pizza delivery man. We reject the contention of defendant that he was denied effective assistance of counsel by the failure of his assigned counsel to support his motion to withdraw his guilty plea. "An attorney assigned to represent a defendant in a criminal case has no duty to participate in a baseless *pro se* motion to withdraw a plea of guilty which was voluntarily, knowingly, and intelligently made [citations omitted] * * * Assigned counsel did not argue in opposition to the defendant's motion, become a witness against him, or make any statements which were adverse to him [citations omitted]. Rather, counsel attempted to clarify the circumstances surrounding the plea proceedings" (*People v Caple*, 279 AD2d 635, 635-636).

The knowing, intelligent and voluntary waiver by defendant of the right to appeal encompasses his contention that Supreme Court erred in accepting his guilty plea without first considering his application for new assigned counsel (*see, People v Dunkins*, 231 AD2d 587, *lv denied* 89 NY2d 863; *see also, People v Morgan*, 275 AD2d 970, *lv denied* 96 NY2d 761; *People v Segrue*, 274 AD2d 671, *lv denied* 95 NY2d 908). In any event, defendant waived final determination of that application by pleading guilty before it was decided (*see, People v Corti*, 88 AD2d 345, 349-350; *see also, People v Delarosa*, 215 AD2d 773, *lv denied* 86 NY2d 793).

Finally, we conclude that the court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea (*see, People v Kellar*, 222 AD2d 1092, *lv denied* 87 NY2d 1021). "The defendant's belated and unsubstantiated claim of innocence, upon which his motion was based, was belied by his earlier admission of guilt during his plea of guilty" (*People v McAllister* 248 AD2d 641, *lv denied* 91 NY2d 1010). The additional contention of defendant that he did not understand the consequences of his plea is refuted by the record of the plea proceedings (*see, People v Williams*, 183 AD2d 866, *lv denied* 80 NY2d 911). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.