THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT S. FORSHEY, Appellant. [748 NYS2d 295] —Appeal from a judgment of Cattaraugus County Court (Himelein, J.), entered January 16, 2001, convicting defendant upon his plea of guilty

of, inter alia, attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]) and attempted criminal sale of a controlled substance in the third degree (§§ 110.00, 220.39 [1]). Defendant contends in the main brief and in his pro se supplemental brief that his plea was not knowingly, voluntarily and intelligently entered because he was under the influence of prescription drugs at the time of the plea. Defendant stated during the plea colloquy, however, that he was not under the influence of prescription medication at the time of the plea, and the record does not otherwise support his present contention. Moreover, defendant does not contend that he was experiencing confusion at the time of the plea allocution. Defendant also contends in his pro se supplemental brief that he was coerced into pleading guilty because County Court would not adjourn the proceedings to enable him to speak with his family. The record establishes, however, that the court adjourned the proceedings until the afternoon to enable defendant to speak with his family. Defendant did not object and thus has waived his present contention.

Contrary to the further contention of defendant, the Judge was not required to recuse himself based on the fact that he had prosecuted defendant on the underlying second felony offender crime, which involved an unrelated matter (*see People v Miller*, 194 AD2d 230, 231, *lv denied* 83 NY2d 913; *People v Jabaut*, 188 AD2d 1082). Moreover, defendant's challenge to the underlying crime was merely with respect to the date of the conviction. We reject the contention of defendant that he was denied a fair trial as a result of cumulative error. Finally, defendant received effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147), and the sentence is not unduly harsh or severe. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.