■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WIGGINS, Appellant. [756 NYS2d 679] —Appeal from a judgment of Cattaraugus County Court (Himelein, J.), entered February 11, 2002, convicting defendant upon his plea of guilty of, inter alia, felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [d] [4] [ii]), defendant contends that he was denied effective assistance of counsel by defense counsel's failure to negotiate parole supervision to provide for treatment of his alcoholism (*see* CPL 410.91 [1]). Even assuming, arguendo, that the contention of defendant was not forfeited by his guilty plea (*see People v Brown,* 284 AD2d 904, 905 [2001], *lv denied* 96 NY2d 916 [2001]; *People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]) and survives the waiver of his right to appeal (*see People v Perillo,* 300 AD2d 1097 [2002]), we conclude that his contention is without merit. Defendant was not convicted of a "specified offense" (410.91 [2]; *see* 410.91 [5]) and therefore is not eligible for that parole supervision. The waiver by defendant of the right to appeal encompasses his contention that the sentence is unduly harsh and severe (*see People v Lococo,* 92 NY2d 825, 827 [1998]). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.