■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADEEB LOVETT, Also Known as NICHOLAS DOCKERY, Appellant. [778 NYS2d 243]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 12, 2002. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to the contention of defendant, his waiver of the right to appeal entered as part of the plea agreement was voluntary, knowing, and intelligent (*see People v Seaberg*, 74 NY2d 1, 11 [1989]; *People v Summers* [appeal No. 2], 242 AD2d 869 [1997], *lv denied* 91 NY2d 881 [1997]). "The challenge by defendant to the amount of restitution is not foreclosed by his waiver of the right

to appeal because the amount of restitution was not included in the terms of the plea agreement" (*People v Sweeney*, 4 AD3d 769, 770 [2004]). Defendant failed to preserve that challenge for our review, however, by failing to request a hearing or to object to the amount of restitution (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v McCorkle*, 298 AD2d 848, 848-849 [2002], *lv denied* 99 NY2d 561 [2002]). The further contention of defendant that County Court erred in imposing an enhanced sentence by ordering him to pay restitution is not preserved for our review because defendant failed to object to the enhanced sentence or to move to withdraw the plea on that ground (*see People v Holmes*, 306 AD2d 889 [2003], *lv denied* 100 NY2d 621 [2003]; *People v Leonard*, 306 AD2d 940 [2003]; *see also People v Sundown*, 305 AD2d 1075 [2003]). Finally, the general waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.