■ The People of the State of New York, Respondent, v Dennis Zimmerman, Jr., Appellant. [784 NYS2d 405]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 9, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Contrary to defendant's contention, the waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (*see People v Lynch,* 4 AD3d 809 [2004], *lv denied* 2 NY3d 742 [2004]; *People v Willis,* 2 AD3d 1322, 1322-1323 [2003], *lv denied* 2 NY3d 748 [2004]; *see generally People v Seaberg,* 74 NY2d 1, 11 [1989]). Neither of defendant's substantive contentions survives the waiver of the right to appeal (*see People v Lococo,* 92 NY2d 825, 827 [1998]; *People v Hidalgo,* 91 NY2d 733, 737 [1998]; *cf. People v Lovett,* 8 AD3d 1007 [2004]; *People v Sweeney,* 4 AD3d 769, 770 [2004], *lv denied* 2 NY3d 807 [2004]). In any event, the sentence is not unduly harsh or severe, and defendant's challenge to the amount of restitution ordered is both unpreserved for our review (*see People v Horne,* 97 NY2d 404, 414 n 3 [2002]; *Lovett,* 8 AD3d at 1007-1008) and lacking in merit. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.