■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELEN PITTMAN, Appellant. [787 NYS2d 751]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered July 29, 2003. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [4]). Defendant was sentenced to a determinate term of incarceration of 18 years and five years of postrelease supervision. The charges arose out of the death of defendant's 13-month-old child. The child died from blunt force trauma as a result of being thrown and dropped by defendant, who took no steps to obtain medical attention for the child. Having withdrawn her request to withdraw her plea, defendant failed to preserve for our review her contention that the plea was not knowingly, voluntarily or intelligently entered (*see People v Fulwiley*, 9 AD3d 905 [2004], *lv denied* 3 NY3d 674 [2004]; *see generally People v Rivers*, 269 AD2d 836 [2000]). "Because defendant's statements at the plea allocution do not engender significant doubt with regard to the voluntariness of the plea, the 'allocution does not qualify for the narrow, "rare case" exception to the preservation doctrine described in *People v Lopez* (71 NY2d 662, 666)' " (*People v DeJesus*, 248 AD2d 1023, 1023 [1998], *lv denied* 92 NY2d 878 [1998], quoting *People v Toxey*, 86 NY2d 725, 726 [1995], *rearg denied* 86 NY2d 839 [1995]). In any event, Supreme Court sufficiently explained the rights that defendant was waiving by pleading guilty. The

contention of defendant that she was denied effective assistance of counsel does not survive her plea of guilty where, as here, "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of [her] attorney's allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244 [1998], *lv denied* 93 NY2d 851 [1999]). In any event, defendant received effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to the further contention of defendant, her unrestricted waiver of the right to appeal encompasses her contentions regarding the severity of the sentence and the court's suppression determination (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.