■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH THELBERT, Also Known as THELBERT JOSEPH, Also Known as TAJ JOHNSON, Appellant. [793 NYS2d 784]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 5, 2001. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). The waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). In any event, no factual colloquy was required inasmuch as defendant pleaded guilty to a lesser included offense (*see People v Vincent*, 305 AD2d 1108, 1109 [2003], *lv denied* 100 NY2d 588 [2003]; *People v Harris*, 233 AD2d 959 [1996], *lv denied* 89 NY2d 1094 [1997]). Although the further contention of defendant that his plea was not voluntarily, knowingly and intelligently entered survives his waiver of the right to appeal, defendant failed to preserve his contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see DeJesus*, 248 AD2d 1023 [1998]). This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). To the extent that the further contention of defendant that he was denied effective assistance of counsel was not forfeited by his plea of guilty and survives his waiver of the right to appeal (*see People v Wiggins*, 303 AD2d 982 [2003], *lv denied* 100 NY2d 600 [2003]; *People v Perillo*, 300 AD2d 1097 [2002], *lv denied* 99 NY2d 618 [2003]; *People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]; *People v Thompson*, 4 AD3d 785 [2004], *lv denied* 2 NY3d 808 [2004]). Finally, the

challenge by defendant to the severity of the sentence is encompassed by his waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.