■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE W. JOHNSTON, Appellant. [793 NYS2d 806]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 23, 2002. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to the contention of defendant, County Court did not abuse its discretion in enhancing his sentence from a term of imprisonment of 7 years to a term of 11 years based on his failure to comply with the terms and conditions of his release pending sentencing. The court granted defendant a "10-day furlough" on the condition that he "comply with all terms and conditions of the Pretrial Release Program." It is undisputed that defendant reported to the day reporting center two hours late one day, and that he failed to remain at the center as required. When defendant failed to report to the day reporting center the following day, a warrant was issued for his arrest. Contrary to defendant's contention, the condition was "explicit, objective, accepted by defendant—and concededly breached" (*People v Hicks*, 98 NY2d 185, 189 [2002]; *see People v Lucas*, 11 AD3d 324 [2004], *lv denied* 4 NY3d 746 [2004]; *cf. People v Covell*, 276 AD2d 824, 825-826 [2000]).

Defendant signed a written waiver of the right to appeal and, contrary to his further contention, the record establishes that his waiver was knowing, voluntary and intelligent (*see People v Bonet*, 15 AD3d 730 [2005]; *People v Johnson*, 14 AD3d 730 [2005]; *People v Debo*, 234 AD2d 944, 945 [1996], *lv denied* 89 NY2d 984 [1997]). That waiver encompasses defendant's challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.