THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GILBERT, Appellant. [793 NYS2d 847]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered October 15, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and imposing the agreed-upon sentence. We reject the contention of defendant that his statements were insufficient to establish that he knowingly, intelligently and voluntarily waived the right to appeal. "[T]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights," including the right to appeal (*People v Moissett*, 76 NY2d 909, 910-911 [1990]). Defendant's responses to County Court's questions unequivocally established that defendant understood the proceedings and was voluntarily waiving the right to appeal. His unrestricted waiver of the right to appeal encompasses his challenges to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Pittman*, 13 AD3d 1145, 1146 [2004], *lv denied* 4 NY3d 801 [2005]), including the issue of whether he was read his *Miranda* rights (*see generally People v Carpenter*, 13 AD3d 1193 [2004], *lv denied* 4 NY3d 797 [2005]; *People v Taylor*, 302 AD2d 868 [2003], *lv denied* 99 NY2d 658 [2003]), and further encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Allen*, 82 NY2d 761, 763 [1993]).

Contrary to the further contention of defendant, the court did

not err in asking questions of the victim to clarify her statement made pursuant to CPL 380.50 (2), as the court has broad powers to determine facts pertinent to sentencing (*see generally People v Hemmings*, 2 NY3d 1, 6 [2004], *rearg denied* 2 NY3d 824 [2004]). Furthermore, defendant was not denied effective assistance of counsel by his attorney's failure to question the victim thereafter, as the statute does not permit cross-examination at that juncture and defendant failed to present any information to the court in mitigation or explanation despite having been given the opportunity to do so.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Smith, Pine and Hayes, JJ.