■ The People of the State of New York, Respondent, v Calvin M. King, Appellant. [798 NYS2d 638]—Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 20, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of burglary in the third degree (Penal Law § 140.20). The waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Spivey*, 9 AD3d 886 [2004], *lv denied* 3 NY3d 712 [2004]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). To the extent that defendant contends that his plea was not voluntarily, knowingly and intelligently entered, that contention survives his waiver of the right to appeal, but defendant failed to preserve his contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v McKay*, 5 AD3d 1040, 1041 [2004], *lv denied* 2 NY3d 803 [2004]; *DeJesus*, 248 AD2d 1023 [1998]). This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). The waiver of the right to appeal also encompasses defendant's challenge to the severity of the sentence, including the restitution ordered, because the amount of restitution was included as part of the plea agreement (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Zimmerman*, 12 AD3d 1105 [2004], *lv denied* 4 NY3d 750 [2004]; *cf. People v Lovett*, 8 AD3d 1007 [2004], *lv denied* 3 NY3d 677 [2004]). In any event, defendant also failed to preserve for our review his challenge with respect to restitution (*see People v Gonzalez-Saez*, 16 AD3d 1171 [2005]; *Zimmerman*, 12 AD3d 1105 [2004]).

The contention of defendant that he was denied effective assistance of counsel does not survive his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). "There is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorneys' allegedly poor performance" (*id.* at 1244). In any event, we conclude that defendant received effective assistance of counsel (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.