■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. BALL, Appellant. [797 NYS2d 331]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 26, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20). The record establishes that defendant knowingly, intelligently and voluntarily waived his right to appeal, and that waiver encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Chrispen*, 306 AD2d 916 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Harris*, 269 AD2d 839 [2000]). The waiver by defendant of the right to appeal also encompasses his challenge to the factual sufficiency of the plea allocution (*see Chrispen*, 306 AD2d 916 [2003]; *Harris*, 269 AD2d at 839) and, in any event, he failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that challenge for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]). Although the further contention of defendant that the plea was not knowing or voluntary

survives his waiver of the right to appeal, defendant also failed to preserve that contention for our review (*see Chrispen*, 306 AD2d 916 [2003]; *Harris*, 269 AD2d at 839-840). This case does not fall within the rare exception to the preservation requirement (*see Lopez*, 71 NY2d at 666; *Chrispen*, 306 AD2d 916 [2003]). Present—Green, J.P., Gorski, Martoche, Smith and Hayes, JJ.