■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWIN J. FIFIELD, SR., Appellant. [807 NYS2d 256]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered March 16, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted use of a child in a sexual performance and rape in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted use of a child in a sexual performance (Penal Law §§ 110.00, 263.05) and rape in the third degree (§ 130.25 [2]). Defendant's written waiver of the right to appeal and defendant's responses during the plea proceeding establish that the waiver was voluntary, knowing, and intelligent (*see People v Johnston*, 17 AD3d 1103 [2005]; *People v Debo*, 234 AD2d 944, 945 [1996], *lv denied* 89 NY2d 984 [1997]; *see also People v Lynch*, 4 AD3d 809 [2004], *lv denied* 2 NY3d 742 [2004]). The valid waiver of the right to appeal encompasses defendant's challenge to the factual sufficiency of the plea allocution with respect to attempted use of a child in a sexual performance (*see People v King*, 20 AD3d 907 [2005];

*People v Ball*, 20 AD3d 925 [2005]; *People v Zimmerman*, 219 AD2d 848 [1995], *lv denied* 88 NY2d 856 [1996]). In any event, defendant was charged with use of a child in a sexual performance and pleaded guilty to a lesser included offense, and thus no factual colloquy was required (*see People v Thelbert*, 17 AD3d 1049 [2005]; *People v Turner*, 16 AD3d 1150 [2005], *lv denied* 5 NY3d 770 [2005]; *Zimmerman*, 219 AD2d at 848). The waiver of the right to appeal also encompasses defendant's challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]).

We reject the further contention of defendant that County Court abused its discretion in denying his pro se motions to withdraw the plea. In support thereof, defendant made generalized claims of innocence without support in the record (*see People v May*, 305 AD2d 1095 [2003], *lv denied* 100 NY2d 622 [2003]; *People v Viscomi*, 286 AD2d 886, 887 [2001], *lv denied* 97 NY2d 763 [2002]), and his claims of duress and coercion are belied by the statements he made during the plea colloquy (*see People v Forshey*, 294 AD2d 868 [2002], *lv denied* 98 NY2d 675 [2002]). The record establishes that defendant entered into a favorable and voluntary plea after consultation with counsel, and thus we conclude that defendant's pro se motions to withdraw the plea were properly denied (*see People v Rivers*, 296 AD2d 861, 862 [2002], *lv denied* 99 NY2d 539 [2002]). We reject the further contention of defendant that the court should have assigned new counsel for defendant. Defense counsel had no duty to support defendant's pro se motion, and the record establishes that defense counsel did not take a position that was adverse to that of defendant (*see Viscomi*, 286 AD2d at 886; *cf. People v Chaney*, 294 AD2d 931, 932 [2002]).

The contentions of defendant in his pro se supplemental brief regarding suppression issues are encompassed by his waiver of the right to appeal (*see generally People v Austin*, 4 AD3d 829, 830 [2004], *lv denied* 2 NY3d 737 [2004]; *People v Ray*, 307 AD2d 754, 755 [2003], *lv denied* 100 NY2d 624 [2003]). In any event, defendant forfeited the right to raise those issues because he pleaded guilty before the court issued its suppression ruling (*see People v Scaccia*, 6 AD3d 1105 [2004], *lv denied* 3 NY3d 681 [2004]). Defendant also contends in his pro se supplemental brief that he received ineffective assistance of trial and appellate counsel. To the extent that the contention of defendant with respect to ineffective assistance of trial counsel is not forfeited by his plea of guilty and survives the waiver of the right to appeal, we conclude that it is without merit (*see Thelbert*, 17 AD3d at 1049). Defendant's contention with respect to

ineffective assistance of appellate counsel also is without merit (*see People v McKinney*, 302 AD2d 993, 995, *lv denied* 100 NY2d 584 [2003]). The contention of defendant that the prosecutor engaged in misconduct is encompassed by his waiver of the right to appeal and, in any event, is forfeited by his plea of guilty (*see People v Williams*, 253 AD2d 901 [1998]; *see generally People v Heinig*, 21 AD3d 1297 [2005]; *People v Davis*, 289 AD2d 1069 [2001], *lv denied* 97 NY2d 753 [2002]). We have considered the remaining contentions raised in the pro se supplemental brief and conclude that they are without merit. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.