■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD SPIKES, Appellant. [813 NYS2d 602]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 10, 2005. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). The record establishes that defendant validly waived his right to appeal at the time of the plea (*see People v Seaberg*, 74 NY2d 1, 11 [1989]; *People v Ali*, 24 AD3d 1299 [2005]; *People v Lynch*, 4 AD3d 809 [2004], *lv denied* 2 NY3d 742 [2004]), and that waiver was not rendered invalid by defendant's refusal to sign the written waiver of the right to appeal at the time of sentencing (*see People v Marrero*, 242 AD2d 800 [1997]). The waiver encompasses defendant's challenge to the factual sufficiency of the plea allocution (*see People v Hughes* [appeal No. 1], 21 AD3d 1394 [2005], *lv denied* 5 NY3d 883 [2005]; *People v King*, 20 AD3d 907 [2005], *lv denied* 5 NY3d 829 [2005]; *People v Ball*, 20 AD3d 925 [2005], *lv denied* 5 NY3d 850 [2005]), as well as defendant's challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248 [2006]).

Contrary to defendant's further contentions, the plea was voluntary, knowing, and intelligent (*see People v Kemp*, 270 AD2d 927 [2000], *lv denied* 95 NY2d 836 [2000]; *People v Dillard*, 262 AD2d 1044 [1999], *lv denied* 93 NY2d 1017 [1999]), and County Court did not abuse its discretion in denying defendant's pro se motion to withdraw the plea (*see People v Price*, 309 AD2d 1259 [2003], *lv denied* 1 NY3d 578 [2003]; *People v Rivers*, 296 AD2d 861, 862 [2002], *lv denied* 99 NY2d 539 [2002]). There is no requirement that defendant personally recite the facts underlying the crime, and his responses to the questions of the court during the plea colloquy did not negate any element of the offense or otherwise cast any doubt on defendant's guilt (*see People v Seeber*, 4 NY3d 780, 780-782 [2005]; *People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]). Although defendant asserted at sentencing that he was under the influence of drugs at the time of his plea and was coerced into entering the plea, those assertions are belied by his statements made under oath during the plea colloquy (*see People v Forshey*, 298 AD2d 962, 963 [2002], *lv denied* 99 NY2d 558, 100 NY2d 561 [2002]; *People v Forshey*, 294 AD2d 868 [2002], *lv denied* 98 NY2d 675 [2002]). To the extent that the further

contention of defendant that he was denied effective assistance of counsel survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]; *Brown*, 305 AD2d at 1069). We have considered the contention of defendant raised in his pro se supplemental brief and conclude that it is without merit. Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.