■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. RIVERA, Appellant. [815 NYS2d 860]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered January 22, 2004. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree and intimidating a witness in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and intimidating a witness in the third degree (§ 215.15 [1]). Contrary to the contention of defendant, the record of the plea allocution establishes that he knowingly, voluntarily and intelligently waived his right to appeal (*see People v Muniz*, 91 NY2d 570, 575 [1998]). That waiver encompasses the contention of defendant that Supreme Court erred in refusing to suppress his statements (*see People v Kemp*, 94 NY2d 831, 833 [1999]) as well as his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). The court did not abuse its discretion in denying the pro se motion of defendant to withdraw his guilty plea (*see generally People v Alexander*, 97 NY2d 482, 485-486 [2002]). The assertions of defendant minimizing or denying his participation in the homicide are belied by his admissions during the plea proceeding (*see People v Viscomi*, 286 AD2d 886, 887 [2001], *lv denied* 97 NY2d 763 [2002]). Defendant further contends that he should have been permitted to withdraw his guilty plea on the ground that he was denied effective assistance of counsel. To the extent that

the contention of defendant was not forfeited by his guilty plea and survives defendant's waiver of the right to appeal (*see People v Thelbert*, 17 AD3d 1049 [2005]), we conclude that defendant's contention lacks merit (*see generally People v Ford,* 86 NY2d 397, 404 [1995]).

The judgment must be modified, however, because there is a discrepancy between the sentencing minutes and the certificate of conviction. The sentencing minutes provide that the sentence imposed for intimidating a witness in the third degree shall run consecutively to the sentence imposed for manslaughter in the first degree but the certificate of conviction provides that the sentence shall run concurrently. We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for resentencing. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.