■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL GUNN, Appellant. [825 NYS2d 870]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 2, 2003. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree and attempted murder in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [vii]; [b]). Although defendant contends that the plea was not knowingly or voluntarily entered because he did not recite the underlying facts of the crimes, he is in effect challenging the factual sufficiency of the plea allocution (*see People v White*, 24 AD3d 1220 [2005], *lv denied* 6 NY3d 820 [2006]). That challenge is encompassed by the waiver of the right to appeal (*see id.*), and defendant also failed to preserve that challenge for our review (*see People v Spikes*, 28 AD3d 1101 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]; *White*, 24 AD3d at 1220). The plea allocution does not clearly cast significant doubt upon defendant's guilt or otherwise call into question the voluntariness of the plea, and thus the plea allocution does not fall within the rare case exception to the preservation doctrine (*see People v Farnsworth*, 32 AD3d 1176 [2006], *lv denied* 7 NY3d 867 [2006]; *People v Oltz*, 1 AD3d 934 [2003], *lv denied* 1

NY3d 632 [2004]). "There is no requirement that defendant personally recite the facts underlying the crime[s], and his responses to the questions of [County C]ourt during the plea colloquy did not negate any element of the offense[s] or otherwise cast any doubt on defendant's guilt" (*Spikes*, 28 AD3d at 1102).

Defendant further contends in his pro se supplemental brief that his guilty plea was coerced by the threat of the death penalty, citing *Matter of Hynes v Tomei* (92 NY2d 613 [1998], *cert denied* 527 US 1015 [1999]). The decision of the Court of Appeals in *Hynes* does not apply to "pleas of guilty to first degree murder when no notice of intent to seek the death penalty is pending, since defendants in that situation face the same maximum sentence regardless of how they are convicted" (*id.* at 629). Here, there was no notice of intent to seek the death penalty pending at the time defendant pleaded guilty, and we thus reject defendant's contention. We also reject the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel based on defense counsel's failure to request a competency hearing. "A defendant is presumed competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of understanding the proceedings against him or her" (*People v Courcelle*, 15 AD3d 688, 689 [2005], *lv denied* 4 NY3d 829 [2005]). There is no indication in the record that defendant was "incapable of understanding the proceedings against him" (*id.*; *see People v Keebler*, 15 AD3d 724, 726 [2005], *lv denied* 4 NY3d 854 [2005]), and it therefore cannot be said that defense counsel's failure to request a competency hearing constituted ineffective assistance of counsel (*see Keebler*, 15 AD3d at 726-727; *People v Comfort*, 278 AD2d 872, 873-874 [2000]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.