■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN R. KEISER, Appellant. [833 NYS2d 779]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 18, 2005. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [4]). Contrary to the contention of defendant, his waiver of the right to appeal is valid. When defendant informed County Court that he did not understand the terms of the plea and the waiver, the court explained the terms and ascertained that defendant understood them. The court then asked defendant to execute a written waiver of the right to appeal, and defendant did so. Thus, we conclude that defendant "knowingly, voluntarily and intelligently waived his right to appeal as part of the plea bargain" (*People v Jefferson*, 203 AD2d 908, 908 [1994], *lv denied* 83 NY2d 968 [1994]), and we conclude that the waiver was obtained under "constitutionally acceptable circumstances" (*People v Callahan*, 80 NY2d 273, 283 [1992]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence and also "includes waiver of the right to invoke [this Court's] interest-of-justice jurisdiction to reduce the sentence" (*People v Lopez*, 6 NY3d 248, 255 [2006]). Contrary to the contention raised by defendant in his pro se supplemental brief, the court did not violate CPL

200.70 in granting the People's motion to amend the indictment. The amendment is of no moment inasmuch as defendant pleaded guilty to a lesser included offense of the initially charged felony murder count, as authorized by CPL 220.10 (4) (*see generally People v Glover*, 57 NY2d 61, 64 [1982]). To the extent that the further contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel was not forfeited by his plea of guilty and survives his waiver of the right to appeal (*see People v Rivera*, 30 AD3d 1019 [2006], *lv denied* 7 NY3d 870 [2006]), we conclude that he received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). We reject as factually inaccurate and meritless defendant's pro se contentions that the court did not conduct further inquiry to ensure that the capacity of defendant to plead guilty was not being affected by his psychiatric medication (*see People v Yoho*, 24 AD3d 1247, 1248 [2005]), and that the court did not fulfill its duty of further inquiry with respect to a possible intoxication defense (*see People v Zodarecky*, 15 AD3d 861, 862 [2005]). Finally, we reject the contention of defendant that he was coerced into accepting the plea by the fact that the court gave him only a short time to consider the plea offer (*see People v Lesame*, 239 AD2d 801, 802 [1997], *lv denied* 90 NY2d 941 [1997]; *People v Berezansky*, 229 AD2d 768, 770 [1996], *lv denied* 89 NY2d 919 [1996]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.