THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY W. WINCHESTER, Appellant. [831 NYS2d 798]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 5, 2003. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject the contention of defendant that he did not validly waive his right to appeal. Although no " 'particular litany during an allocution [is required] in order to obtain a valid guilty plea in which defendant waives a plethora of rights,' including the right to appeal" (*People v Gilbert*, 17 AD3d 1164, 1164 [2005], *lv denied* 5 NY3d 762 [2005], quoting *People v Moissett*, 76 NY2d 909, 910-911 [1990]), "trial courts [must] ensure that defendants understand what they are surrendering when they waive the right to appeal" (*People v Lopez*, 6 NY3d 248, 256 [2006]). Here, County Court explained to defendant the significance of the waiver of the right to appeal, and "[d]efendant's responses to [the c]ourt's questions unequivocally established that defendant understood the proceedings and was voluntarily waiving the right to appeal" (*Gilbert*, 17 AD3d at 1164). The valid waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution with respect to his intent to commit manslaughter and a possible justification defense (*see People v Halston*, 37 AD3d 1144 [2007]). In addition, by failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve that challenge for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Davis*, 37 AD3d 1179 [2007]; *People v Farnsworth*, 32 AD3d 1176 [2006], *lv denied* 7 NY3d 867 [2006]). In any event, the court conducted a sufficient inquiry to ensure that there was no justification defense and that the plea was knowingly, voluntarily and intelligently entered (*see Lopez*, 71 NY2d at 666; *Davis*, 37 AD3d 1179 [2007]).

By pleading guilty, defendant forfeited his contention that he was denied the right to testify before the grand jury (*see People v Sachs*, 280 AD2d 966, 966-967 [2001], *lv denied* 96 NY2d 834 [2001], 97 NY2d 708 [2001]; *see generally People v Hansen*, 95 NY2d 227, 230-232 [2000]). Additionally, that contention is encompassed by the valid waiver of the right to appeal (*see People v Simms*, 269 AD2d 788 [2000], *lv denied* 94 NY2d 952 [2000]), as is the contention of defendant that the court erred in refusing to suppress his statements to the police (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Rivera*, 30 AD3d 1019

[2006], *lv denied* 7 NY3d 870 [2006]). Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see Lopez,* 6 NY3d at 255; *Rivera,* 30 AD3d at 1019) and, in any event, we note that defendant received the bargained-for sentence. Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.