■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELISSA BEARD, Also Known as MELISSA MAXFIELD, Appellant. (Appeal No. 1.) [836 NYS2d 470]—Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 19, 2005. The judgment convicted defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELISSA BEARD, Also Known as MELISSA MAXFIELD, Appellant. (Appeal No. 2.) [838 NYS2d 317]—Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 19, 2005. The judgment convicted defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed for criminal sale of a controlled substance in the third degree under count four of the indictment and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for resentencing on that count of the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of one count of criminal sale of a controlled substance in the third degree (Penal

Law § 220.39 [1]) and, in appeal No. 2, she appeals from a judgment convicting her upon her plea of guilty of two counts of that crime. Contrary to the contention of defendant in appeal Nos. 1 and 2, we conclude that she knowingly, intelligently, and voluntarily waived her right to appeal (see People v Lococo, 92 NY2d 825, 827 [1998]; People v Callahan, 80 NY2d 273, 280 [1992]; People v Keiser, 38 AD3d 1254 [2007]; People v Lovett, 8 AD3d 1007 [2004], lv denied 3 NY3d 677 [2004]). The valid waiver by defendant of the right to appeal precludes her from invoking our "interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d 248, 255 [2006]; see Keiser, 38 AD3d at 1254).

Nevertheless, the contention of defendant in appeal No. 2 that the sentence is illegal survives her waiver of the right to appeal (see Callahan, 80 NY2d at 280). As the People concede, the sentencing minutes establish that County Court imposed an illegal sentence insofar as it directed that defendant serve "six years [of] post-release supervision" following the six-year determinate term of incarceration imposed on the fourth count of the indictment (see Penal Law § 70.45 [2] [d]; see also § 70.70 [3] [b] [i]). In view of the discrepancy between the sentencing minutes and the certificate of conviction, we modify the judgment in appeal No. 2 by vacating the sentence imposed for criminal sale of a controlled substance in the third degree under count four of the indictment, and we remit the matter to County Court for resentencing on that count of the indictment (see e.g. People v Rivera, 30 AD3d 1019, 1020 [2006], lv denied 7 NY3d 870, recons denied 8 NY3d 884 [2006]; People v Smith, 28 AD3d 1202, 1203-1204 [2006], lv denied 7 NY3d 818 [2006]; People v Hall, 5 AD3d 1011 [2004]). Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.