■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. WORTHY, Appellant. [847 NYS2d 806]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 8, 2006. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). The contention of defendant that his plea was coerced and thus was not knowingly, voluntarily or intelligently entered "is belied by [his] statement during the plea proceeding that [he] was not threatened, coerced or otherwise influenced against [his] will into pleading guilty" (*People v Beaty*, 303 AD2d 965 [2003], *lv denied* 100 NY2d 559 [2003]; *see People v Gradia*, 28 AD3d 1206, 1206-1207 [2006], *lv denied* 7 NY3d 756 [2006]). Defendant's conclusory and unsubstantiated claim of innocence also is belied by his statements during the plea proceeding (*see People v Kimmons*, 39 AD3d 1180 [2007]; *People v Jackson*, 34 AD3d 1304 [2006], *lv denied* 8 NY3d 846, 986 [2007]). Contrary to the further contention of defendant, the record reflects that

his waiver of the right to appeal was the result of a knowing and voluntary choice (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Ludlow*, 42 AD3d 941 [2007]), and that waiver encompasses defendant's challenge to Supreme Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Pan Zhi Feng*, 15 AD3d 862 [2005], *lv denied* 5 NY3d 809 [2005]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.