■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE LEE GRINER, Appellant. [855 NYS2d 800]—Appeal from a

judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 20, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We reject the contention of defendant that his waiver of the right to appeal is invalid. The written waiver of the right to appeal, together with defendant's responses during the plea proceeding, establish that the waiver was voluntarily, knowingly, and intelligently entered (*see People v Fifield*, 24 AD3d 1221 [2005], *lv denied* 6 NY3d 775 [2006]; *People v Johnston*, 17 AD3d 1103 [2005], *lv denied* 5 NY3d 829 [2005]). That valid waiver of the right to appeal encompasses defendant's challenge to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Worthy*, 46 AD3d 1382 [2007]). Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of criminal possession of a controlled substance in the third degree under Penal Law § 220.16 (12), and it must therefore be amended to reflect that he was convicted under Penal Law § 220.16 (1) (*see People v Martinez*, 37 AD3d 1099 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.