THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. HAVERS, Appellant. [937 NYS2d 908]

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]). Although defendant's contention that his plea was not voluntarily, knowingly and intelligently entered survives his valid waiver of the right to appeal, defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (see People v Zulian, 68 AD3d 1731 [2009], lv denied 14 NY3d 894 [2010]). We reject defendant's contention that this is one of those rare cases in which the exception to the preservation requirement applies (see People v Lopez, 71 NY2d 662, 666 [1988]). Defendant's further contention that he was denied effective assistance of counsel does not survive his guilty plea or his valid waiver of the right to appeal inasmuch as defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (People v Wright, 66 AD3d 1334 [2009], lv denied 13 NY3d 912 [2009]). Finally, to the extent that defendant challenges County Court's suppression ruling following the Huntley hearing, his valid waiver of the right to appeal encompasses that ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Gilbert, 17 AD3d 1164 [2005], lv denied 5 NY3d 762 [2005]). Present—Scudder, P.J., Centra, Peradotto, Lindley and Martoche, JJ.