People v Williams (2018 NY Slip Op 03012)





People v Williams


2018 NY Slip Op 03012


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


505 KA 16-02285

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH WILLIAMS, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 8, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The record establishes that Supreme Court "conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Davis, 129 AD3d 1613, 1613 [4th Dept 2015], lv denied 26 NY3d 966 [2015] [internal quotation marks omitted]), and that "[t]he plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Williams, 132 AD3d 1291, 1291 [4th Dept 2015], lv denied 26 NY3d 1151 [2016]; see People v Lopez, 6 NY3d 248, 256 [2006]). The court also advised defendant of the maximum sentence that could be imposed (see People v Lococo, 92 NY2d 825, 827 [1998]), and the record establishes that defendant understood that he was waiving his right to appeal both the conviction and the sentence (see People v Wallace, 141 AD3d 1115, 1115 [4th Dept 2016], lv denied 28 NY3d 975 [2016]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Although defendant's release to parole supervision does not render his challenge to the severity of the sentence moot because he "remains under the control of the Parole Board until his sentence has terminated" (People v Sebring, 111 AD3d 1346, 1347 [4th Dept 2013], lv denied 22 NY3d 1159 [2014] [internal quotation marks omitted]), we conclude that the valid waiver of the right to appeal encompasses " the right to invoke [this Court's] interest-of-justice jurisdiction to reduce the sentence' " (People v Keiser, 38 AD3d 1254, 1254 [4th Dept 2007], lv denied 9 NY3d 877 [2007], reconsideration denied 9 NY3d 991 [2007], quoting Lopez, 6 NY3d at 255).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court