██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. VINCENT, Appellant. [757 NYS2d 920] —Appeal from a judgment of Chautauqua County Court (Ward, J.), entered September 17, 2001, convicting defendant upon his plea of guilty of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-

ing him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) in satisfaction of an indictment charging him with, inter alia, burglary in the second degree. We reject the contention of defendant that his plea was not knowingly and voluntarily entered. Defendant stated several times that he understood that he was pleading guilty to a lesser included offense in order to avoid a more severe sentence (*see generally People v Dashnaw,* 260 AD2d 658, 659 [1999], *lv denied* 93 NY2d 968 [1999]). Because defendant pleaded guilty to a lesser included offense, no factual colloquy was required (*see People v Harris,* 233 AD2d 959 [1996], *lv denied* 89 NY2d 1094 [1997]), and thus we reject defendant's further contention that the plea allocution was legally insufficient. Finally, by pleading guilty defendant forfeited his right to contend on appeal that he was denied his right to testify before the grand jury and that defense counsel's failure to advise the prosecutor of defendant's desire to testify before the grand jury constituted ineffective assistance of counsel (*see generally People v Hansen,* 95 NY2d 227, 230-231 [2000]; *People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.