**THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v RICHARD LIGHTHALL, Appellant. [776 NYS2d 404]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered October 4, 2002. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [5]), defendant contends that County Court lacked subject matter jurisdiction to accept his plea because he was denied his right to testify before the grand jury. The denial of an opportunity to testify before the grand jury, however, does not "call into question the court's jurisdiction nor [is it] of constitutional magnitude" (*People v Rook*, 201 AD2d 931, 931 [1994]; *see generally People v Hansen*, 95 NY2d 227, 231 [2000]). Therefore, our review of that contention is foreclosed by defendant's valid waiver of the right to appeal (*see People v Mitchell*, 274 AD2d 957 [2000], *lv denied* 95 NY2d 891 [2000]; *People v Allred*, 270 AD2d 926 [2000], *lv denied* 95 NY2d 863 [2000]) as well as by defendant's plea of guilty (*see People v Vincent*, 305 AD2d 1108, 1109 [2003], *lv denied* 100 NY2d 588 [2003]; *Rook*, 201 AD2d 931 [1994]).

The waiver of the right to appeal, however, "does not encompass the further contention of defendant that the court erred in imposing an enhanced sentence based upon his postplea conduct" (*People v Baxter*, 302 AD2d 950, 951 [2003], *lv denied* 99 NY2d 652 [2003]; *see People v Parker*, 271 AD2d 63, 68 [2000], *lv denied* 95 NY2d 967 [2000]). Nevertheless, we reject defendant's contention that the court failed to conduct a sufficient inquiry to satisfy itself that there was a legitimate basis for defendant's postplea arrest (*see generally People v Outley*, 80 NY2d 702, 713 [1993]). The prosecutor informed the court that an off-duty police officer observed defendant breaking into a building. Another officer arrested defendant inside the building. Both officers were named (*cf. People v McClemore*, 276 AD2d 32, 36-37 [2000]), and the prosecutor informed the court that he had interviewed the officers and reviewed their reports. We conclude that the court properly enhanced the sentence after assuring itself that the information supporting the arrest was reliable and accurate (*see Outley*, 80 NY2d at 712; *cf. People v Naranjo*, 89 NY2d 1047, 1048 [1997]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Hayes, JJ.