■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DASHAUN M. HOLIFIELD, Appellant. [824 NYS2d 507]—Appeal from a judgment of the Onondaga County Court (Jeffery R. Merrill, A.J.), rendered January 18, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and one count of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Contrary to the contention of defendant, his waiver of the right to appeal was voluntary (*see People v Lopez*, 6 NY3d 248, 256 [2006]), and it did not violate public policy (*see generally People v Muniz*, 91 NY2d 570, 573-574 [1998]). Defendant's contention with respect to the severity of the sentence is encompassed by the waiver of the right to appeal (*see Lopez*, 6 NY3d at 255-256). Although the further contention of defendant that his plea was not voluntarily entered survives the waiver of the right to appeal (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), the record establishes that defendant's contention lacks merit. Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.