THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINWOOD WILLIAMS, Appellant. [825 NYS2d 885]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 9, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). Pursuant to the plea agreement, defendant pleaded guilty to conspiracy in the second degree (§ 105.15), and, at sentencing, withdrew that plea and pleaded guilty to criminal possession of a controlled substance in the second degree as a lesser included offense of criminal possession of a controlled substance in the first degree (§ 220.21 [1]). Although the contention of defendant that his plea to the conspiracy count was not voluntarily entered survives his waiver of the right to appeal (*see People v Holifield*, 34 AD3d 1316 [2006]), the record establishes that, to the extent it is not moot, it is without merit (*see id.*). The contention of de-

fendant that his plea to the possession count was not voluntarily entered also survives his waiver of the right to appeal (*see id.*); however, defendant failed to move to withdraw that plea or to vacate the judgment of conviction, and thus failed to preserve that contention for our review (*see People v McKay*, 5 AD3d 1040, 1041 [2004], *lv denied* 2 NY3d 803 [2004]). To the extent that the contention of defendant concerns the alleged factual insufficiency of the plea allocution, that contention is encompassed by his waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221 [2005], *lv denied* 6 NY3d 775 [2006]). In any event, defendant pleaded guilty to a lesser included offense, and thus no factual colloquy was required (*see id.* at 1222).

The contention of defendant that County Court erred in imposing an enhanced sentence based upon his postplea arrest survives his waiver of the right to appeal (*see People v Lighthall*, 6 AD3d 1170, 1171 [2004], *lv denied* 3 NY3d 643 [2004]), but is nevertheless not preserved for our review (*see People v Baxter*, 302 AD2d 950, 951 [2003], *lv denied* 99 NY2d 652 [2003]). In any event, the record establishes that the court spoke with the officer that defendant claimed he was working with at the time of his postplea arrest and the officer denied that he had asked defendant to purchase drugs for him. We thus conclude that "the court properly enhanced the sentence after assuring itself that the information supporting the arrest was reliable and accurate" (*Lighthall*, 6 AD3d at 1171; *see People v Outley*, 80 NY2d 702, 712 [1993]). Present—Scudder, P.J., Martoche, Centra and Green, JJ.