■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRON HUGGINS, Appellant. [845 NYS2d 609]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 6, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). We agree with defendant that his waiver of the right to appeal does not encompass his contention that County Court erred in imposing an enhanced sentence based upon his postplea conduct (*see People v Lighthall*, 6 AD3d 1170 [2004], *lv denied* 3 NY3d 643 [2004]; *People v Baxter*, 302 AD2d 950 [2003], *lv denied* 99 NY2d 652 [2003]). Nevertheless, we reject defendant's contention that the court failed to make a sufficient inquiry before imposing the enhanced sentence. Defendant did not deny his involvement in the postplea crime or argue that there was no legitimate basis for his arrest, and thus the court did not err in failing to conduct an inquiry into the matter (*see People v Wilson*, 257 AD2d 674 [1999], *lv denied* 93 NY2d 981 [1999]; *see generally People v Outley*, 80 NY2d 702, 712-713 [1993]). Defendant's further contention that the enhanced

sentence is unduly harsh and severe also is not encompassed by the waiver of the right to appeal "because the court failed to advise defendant of the potential period of incarceration that could be imposed" for an enhanced sentence (*People v Trisvan*, 8 AD3d 1067 [2004], *lv denied* 3 NY3d 682 [2004]; *cf. People v Jackson*, 34 AD3d 1318 [2006], *lv denied* 8 NY3d 923 [2007]; *see generally People v Lococo*, 92 NY2d 825, 827 [1998]). We conclude, however, that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.