People v Timmons (2019 NY Slip Op 03189)





People v Timmons


2019 NY Slip Op 03189


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, TROUTMAN, AND WINSLOW, JJ.


399 KA 16-02161

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN TIMMONS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 14, 2016. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law
§ 155.30 [1]), defendant contends that his waiver of the right to appeal is invalid and that his enhanced sentence, imposed after he was arrested for robbery during his release pending sentencing, is unduly harsh and severe. Contrary to defendant's contention, the record establishes that he validly waived his right to appeal (see People v Curtis, 162 AD3d 1758, 1758 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]; People v Lefler, 159 AD3d 1427, 1427 [4th Dept 2018], lv denied 31 NY3d 1118 [2018]). "[E]ven assuming, arguendo, that defendant's challenge to the severity of his sentence is not encompassed by his valid waiver of the right to appeal" (People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017]; see People v Watson, 169 AD3d 1526, 1528 [4th Dept 2019]; People v Huggins, 45 AD3d 1380, 1380-1381 [4th Dept 2007], lv denied 9 NY3d 1006 [2007]), we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court