People v Alexander (2024 NY Slip Op 51302(U))

[*1]

People v Alexander

2024 NY Slip Op 51302(U)

Decided on September 16, 2024

Supreme Court, Kings County

Moses, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 16, 2024
Supreme Court, Kings County

The People of the State of New York

against
Craig Alexander, Defendant.

Indictment No. 73684-24

For the People: Christopher Brogna, Esq., Kings County District Attorney's Office
For Defendant: Mitchell Salaway, Esq.

H. Jacob Moses, J.

The defendant moves, pro se,[FN1]
for an order, pursuant to CPL § 190.50, to dismiss the indictment on the ground that the People deprived him of an opportunity to testify before the grand jury. Upon due consideration of the papers, the defendant's motion is denied.
On May 23, 2024, the defendant was arraigned in Criminal Court on a felony complaint, under Kings County Docket Number CR-021277-24KN, which charged him with Burglary in the Second Degree and other related offenses. At that time, the People served written CPL § 190.50 notice upon defense counsel, who thereafter served reciprocal CPL § 190.50 notice, informing the prosecution of defendant's intent to testify before the grand jury. Bail was set and the matter was adjourned to May 28, 2024 for grand jury action.
On May 28, 2024, three hours prior to the defendant's scheduled testimony before the grand jury, the People served defense counsel with body-worn camera video depicting the defendant's arrests on April 9 and April 10, 2024. The People represent that those videos pertain to unrelated misdemeanor matters and are not relevant to this instant matter. No body-worn camera video was provided of the defendant's May 22, 2024 arrest. The matter was called into the record. Defense counsel did not withdraw cross CPL § 190.50 notice on the record, but rather for the defendant's release due to the People's failure to provide counsel with the defendant's statements within 48 hours of the defendant's scheduled testimony before the grand jury (see CPL § 245.10[1][c]). The People represented to the court that the body-worn camera videos were submitted in error, as they did not relate to the instant matter. The judge in Criminal Court denied the defendant's request for release pursuant to CPL § 180.80. Counsel for the defendant then withdrew cross CPL § 190.50 notice. Later that day, the People thereafter charged the Grand Jury on the applicable law and submitted a signed certificate of indictment with the court.
The defendant argues that because the People failed to turn over statements of the defendant contained on body-worn camera from his arrest on May 22, 2024 within 48 hours of the defendant's scheduled testimony in violation of CPL § 245.10(1)(c), the indictment should be dismissed. The People contend that there are two body-worn camera videos that were not served prior to the defendant's scheduled testimony before the Grand Jury. The People maintain that although there are recorded statements made by the defendant, they were during an arrest for smoking on a subway platform, and not the underlying matter. However, the People admit that the defendant was also arrested for an active I-Card which does relate to the instant matter. The People further argue that the defendant was aware of his own statements as is evident in his motion, and has suffered no prejudice as result. Finally, the People maintain that they did not use any of the defendant's statements during the Grand Jury presentation. As a result, the People argue that even if the body-worn camera videos should have been served on the defendant prior to his scheduled testimony before the Grand Jury, dismissal of the indictment pursuant to CPL § 190.50 is improper.
There is no Federal or State Constitutional right to testify before a grand jury (People v. Smith, 87 NY2d 715 [1996]; People v. Lighthall, 6 AD3d 1170 [4th Dept 2004], lv denied 3 NY3d 643 [2004]). An individual's right to appear as a witness before a Grand Jury convened to consider charges against him or her is purely statutory (see CPL § 190.50). Where defendant timely serves the People with written notice of his or her desire to testify before the grand jury, the People must accord defendant a reasonable opportunity to do so (People v. Sawyer, 96 NY2d 815 [2001], rearg denied, 96 NY2d 928 [2001]); People v. Pugh, 207 AD2d 503 [2d Dept 1994]). What constitutes a reasonable opportunity is determined on a case-by-case basis (Sawyer at 816; People v. Jordan, 153 AD2d 263 [2d Dept 1990], appeal denied 75 NY2d 907 [1990]).
In relevant part, CPL § 245.10(1)(c) requires the prosecution to disclose all written or recorded statements made by the defendant to a law enforcement officer "no later than forty-eight hours before the time scheduled for the defendant to testify at a grand jury proceeding pursuant to" CPL § 190.50(5). It is undisputed that the People were in actual possession of the body-worn camera video footage at issue 48 hours prior to the defendant's scheduled Grand Jury appearance and failed to timely disclose the material. However, in this court's view, the untimely disclosure did not serve as a CPL § 190.50 violation, but a discovery violation. CPL § 245.80 provides that "[w]hen material or information is discoverable under this article but is disclosed belatedly, the court shall impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure."
CPL § 245.80 provides that "[w]hen material or information is discoverable under this article but is disclosed belatedly, the court shall impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure." The court finds that dismissal is not proportional to the prejudice suffered. The appropriate remedy would have been for more time to have been afforded to defense counsel to review the statements with his client. This is not a situation where the defendant wanted to testify, was unavailable at the time suggested by the People, and the People were unwilling to reschedule to accommodate the defendant. Defense counsel instead withdrew CPL § 190.50 notice after being informed that there were no body-worn camera videos relating to this defendant's arrest.
Given the People's own admission that this is a discovery violation pursuant to CPL § 245.10(1)(c), this court is precluding the People's use of any statement made by the defendant during the May 22, 2024 arrest that relate to the instant matter in their case-in-chief as a sanction [*2]for their misrepresentation that no recorded statements existed pertaining to this incident and failure to provide said statements timely to the defendant.
Accordingly, the defendant's motion to dismiss is denied.
Accordingly, the People are precluded from using any statements made by the defendant that were captured on body-worn camera from the May 22, 2024 arrest.
The foregoing constitutes the decision and order of the court.
This matter is next on September 18, 2024.
Dated: September 16, 2024
H. Jacob Moses, A.J.S.C.

Footnotes

Footnote 1:Counsel for the defendant adopted the defendant's pro se motion.